(21 Misc. Rep. 334.)

### COHEN et al. v. GREEN.

(Supreme Court, Appellate Term. October 1, 1897.)

1. LANDLORD AND TENANT—TERM—EVIDENCE—RELEVANCY.

Upon a trial in a district court in summary proceedings to remove a tenant, the issue was whether the tenancy, under an oral agreement, was from month to month, or a hiring without any specified period for its duration. The tenant, in support of the latter view, sought to show that after the tenancy had been entered upon he was required by the landlord to make repairs to the premises in accordance with orders of the board of health, and also to pay the water rates, and that he complied. This evidence was excluded. *Held* error; that it tended to support the tenant's testimony that the agreement looked to something more than a monthly tenancy, and hence was relevant and material.

2. SAME—PRESUMPTIONS.

The fact that rent is payable monthly does not raise an indisputable presumption of a monthly letting, where the term is indefinite under the statute (Real Property Law, § 202) applicable to tenancies in New York City.

Appeal from First district court.

Summary proceedings by Harris Cohen and others against Peter Green. From a final order entered after a verdict in favor of petitioners, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Reiger, for appellant.

Joseph A. Kent, for respondents.

BISCHOFF, J. For error in the exclusion of certain evidence offered by the tenant (appellant) it appears to us that the final order is well assailed, and that a new trial should be had. The issue was as to the terms of the verbal agreement entered into by the tenant with the plaintiffs' grantors of the premises, whether the tenancy was from month to month, and so terminable by five days' notice, as actually given, or a hiring without any specified period for its duration, and thus to endure until the 1st day of May succeeding, and again annually if not terminated. 3 Rev. St. p. 2634 (Birdseye, 2d Ed.) §·202; Douglass v. Seiferd, 18 Misc. Rep. 188, 41 N. Y. Supp. 289. If a tenant from month to month, the appellant was properly to be

dispossessed, but the proceedings were defectively instituted if the lease was indefinite as to its duration; and this was the rule adopted in the submission of the case to the jury. The evidence for the landlords showed a letting from month to month, with at most a permission to the defendant to remain as monthly tenant until the premises were sold or improved, if he paid the rent promptly. Since the premises had been sold shortly prior to the giving of notice by these plaintiffs, the tenancy might well be taken, for the purposes of this proceeding, as from month to month only, according to this version of the transaction. The tenant's testimony, however, was that the plaintiffs' grantors had agreed with him for a tenancy to endure so long as he paid his rent, without any further limitation or qualification, and there was, therefore, a direct dispute as to what the terms of the letting really were, the issue being very clearly defined. To substantiate his story, the tenant sought to show that after the tenancy had been entered upon he was required by his landlords to make repairs to the premises in accordance with orders of the board of health, and also to pay the water rates upon the property, and that he complied with these requirements. This evidence was excluded as immaterial and irrelevant, apparently upon the theory that matters occurring after the lease had been made could not affect the terms of that lease, and exception was duly taken. If, in fact, the landlords had called upon the tenant to observe requirements which were not incidental to a hiring by the month, and had accepted his performance of these assumed obligations as a necessary observance of his duties under the agreement actually made, the circumstance would certainly tend to support the tenant's testimony that the agreement looked to something more than a monthly letting; and thus the evidence in question was relevant and material to the one issue in the case,—the terms of the lease,—since it supported a finding that the tenant's proper performance was understood to involve further obligations than those attaching to a monthly lease. Evidence that the tenant, unasked by the landlords, had made extensive additions to the premises, may well have been objectionable; but many of the questions excluded went to the tenant's performance at the landlords' direction, and these, as noted, should have been allowed.

It is argued for the respondents that the lease should be construed as for a monthly letting, even assuming the tenant's testimony to be true, since the rent was payable monthly. But such is not an indisputable presumption where the term is indefinite, under the statute applicable to tenancies in the city of New York (McAdam, Landl. & Ten. [2d Ed.] § 20); and where there is evidence, as there was in this case, that the letting was intended to be greater than monthly in duration, the question necessarily becomes one of fact, and, at most, the periods of payment are to be considered together with the other evidence bearing upon that fact (Douglass v. Seiferd, supra).

Final order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.